IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

KEVIN MCCULLOUGH and
JAMIE MCCULLOUGH,

    Plaintiff,                                          Case No. 3:19-cv-195

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.
_____/

## COMPLAINT

The Plaintiffs, Kevin McCullough and Jamie McCullough (collectively, "Plaintiffs"), hereby sue the Defendant, Midland Credit Management, Inc. ("Defendant" or "MCM"), and allege:

### *Parties, Jurisdiction and Venue*

1. Kevin McCullough is an individual and a resident of Brazoria County, Texas.

2. Jamie McCullough is an individual and a resident of Brazoria County, Texas.

3. Defendant is a foreign corporation with its principal place of business in San Diego, CA.

4. This is an action brought pursuant to 15 U.S.C. 1692k. Accordingly, this Court has jurisdiction over this action under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

5. This Court has supplemental jurisdiction over the state law claim in this action under 28 U.S.C. § 1367 because the state law claim is so related to the claim over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

7. All conditions precedent to bringing this action have occurred, been performed, or have been waived.

## *Common Facts*

8. MCM is a person who uses instrumentalities of interstate commerce, including interstate telephone lines, and the mails in a business the principal purpose of which is the collect of debts. In that business, MCM regularly collects and attempts to collect, directly and indirectly, debts owed or due and debts asserted to be owed or due another.

9. MCM has been attempting to collect a debt from Jamie McCullough. In doing so, MCM has called Kevin McCullough and discussed Jamie McCullough's debt with him, even though Kevin McCullough is not an obligor on the debt. This conduct violated 15 U.S.C. § 1692c(b), which prohibits a debt collector from communicating in connection with the collection of a debt with any person other than the debtor.

10. Additionally, MCM used abusive language toward Kevin McCullough, such as, "Why don't you want to help your wife? Don't you want to help your wife." This conduct violated 15 U.S.C. § 1692d, which prohibits a debt collector from using any language the natural consequence of which is to abuse the hearer.

11. MCM first communicated with Jamie McCullough by sending her a pre-legal notice on May 1, 2019. MCM failed to send Jamie McCullough the written notice required by 15 U.S.C. § 1692g(a) within five days after MCM's initial communication with her. While MCM's § 1692g(a) notice was dated April 10, 2019, it was not sent to Jamie McCullough until after May 6, 2019.

12. Additionally, MCM made telephone calls to Jamie McCullough. During these calls, Defendant made demands for money but failed to disclose the name of the person to whom the debt had been assigned or was owed

13. Defendant directed the above-described communications to Plaintiffs in the Southern District of Texas, and Plaintiffs received the calls in the Southern District of Texas.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
**(Jamie McCullough against MCM)**

14. Jamie McCullough incorporates and realleges paragraphs 1 through 13 as if stated fully herein.

15. The conduct of Defendant constituted violations of 15 U.S.C. § 1692c, 15 U.S.C. § 1692d, and 15 U.S.C. § 1692f.

16. As a direct and proximate result of the wrongful conduct of Defendant, Jamie McCullough has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, Plaintiff Jamie McCullough hereby demands judgment against the Defendant, Midland Credit Management, Inc., for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

**COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(Kevin McCullough against MCM)**

17. Kevin McCullough incorporates and realleges paragraphs 1 through 13 as if stated fully herein.

18. The conduct of Defendant constituted violations of 15 U.S.C. § 1692c, 15 U.S.C. § 1692d, and 15 U.S.C. § 1692f.

19. As a direct and proximate result of the wrongful conduct of Defendant, Kevin McCullough has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, Plaintiff Kevin McCullough hereby demands judgment against the Defendant, Midland Credit Management, Inc., for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

**COUNT III – VIOLATION OF THE TEXAS DEBT COLLECTION LAW**
**(Jamie McCullough against MCM)**

20. Jamie McCullough incorporates and realleges paragraphs 1 through 13 as if stated fully herein.

21. This claim is brought pursuant to Section 392.403 of the Texas Finance Code.

22. The conduct of Defendant constituted violations of Sections 392.302 and 392.304 of the Texas Finance Code.

23. As a direct and proximate result of the wrongful conduct of Defendant, Jamie McCullough has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, Plaintiff Jamie McCullough, hereby demands judgment against the Defendant, Midland Credit Management, Inc., for actual damages, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

### COUNT IV – VIOLATION OF THE TEXAS DEBT COLLECTION LAW
(Kevin McCullough against MCM)

24. Kevin McCullough incorporates and realleges paragraphs 1 through 13 as if stated fully herein.

25. This claim is brought pursuant to Section 392.403 of the Texas Finance Code.

26. The conduct of Defendant constituted violations of Sections 392.302 of the Texas Finance Code.

27. As a direct and proximate result of the wrongful conduct of Defendant, McCullough has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, Plaintiff Kevin McCullough hereby demands judgment against the Defendant, Midland Credit Management, Inc., for actual damages, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

### *Demand for Attorney's Fees & Costs*

Pursuant to 15 U.S.C. § 1692k(a)(3) and Section 392.403 of the Texas Finance Code, Plaintiffs hereby demand an award of the attorney's fees and costs incurred in this matter.

### *Demand for Jury Trial*

Plaintiffs hereby demand a jury trial on all claims asserted in this Complaint and otherwise later asserted in this lawsuit.

DATED: June 13, 2019.                    Respectfully submitted,


                                         */s/ Joshua A. Mize*
                                         **Joshua A. Mize, Esq.**
                                         Florida Bar No. 86163
                                         **MIZE LAW, PLLC**
                                         110 Front Street, Suite 300
                                         Jupiter, FL 33477
                                         Phone: (407) 913-6800
                                         Fax: (407) 604-7410
                                         Email: jmize@mize.law

                                         *Attorney for the Plaintiffs*

6